| | |
|---|---|
| 1 | **SINNETT LAW, APC.** |
| 2 | Wayne A. Sinnett (SBN: 302987) |
|   | ws@sinlegal.com |
| 3 | 444 West C Street, Suite 230 |
| 4 | San Diego, CA 92101 |
|   | Tel: (619) 752-0703 |
| 5 | Fax: (619) 330-2120 |
| 6 | *Attorney for Plaintiff* |

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JODY WANG-HOM,** an individual, | **Case No.:** 2:16-CV-4118 |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** |
| v. | 1. **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.;** |
| **COMMONWEALTH FINANCIAL SYSTEMS, INC.; and ENHANCED RECOVERY COMPANY, LLC.** | 2. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.;** |
| Defendants. | 3. **THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785, ET SEQ.** |
| | **JURY TRIAL DEMANDED** |

**COMPLAINT**                                                          PAGE 1 OF 13

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature enacted the Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788 *et seq.*, to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and prohibit debt collectors from engaging in unfair or deceptive acts and practices.

3. Plaintiff, JODY WANG-HOM, ("Plaintiff") brings this lawsuit to challenge the actions of Defendants, COMMONWEALTH FINANCIAL SYSTEMS, INC., ("COMMONWEALTH") and ENHANCED RECOVERY COMPANY, LLC., ("ENHANCED RECOVERY" or collectively as "Defendants") with regard to Defendants' unlawful debt collection practices and reporting of erroneous and derogatory information on Plaintiff's consumer credit report as that term is defined by Cal. Civ. Code § 1785, *et seq*. Defendant's willful

failure to properly investigate the disputes of Plaintiff concerning the invalid debts Defendants are reporting in Plaintiff's file, and Defendants' failure to correct such, which Defendants knew or should have known was erroneous and which caused Plaintiff damages.

4. Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorney.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid such violations.

7. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

8. Unless otherwise stated, all the conduct engaged in by Defendants occurred in the State of California.

## JURISDICTION AND VENUE

9. This action arises out of Defendant's violations of: (i) The Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq.*; (ii) The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq.*; and (iii) The California Consumer Credit Reporting Agencies Act, ("CCRAA") Cal. Civ. Code § 1785, *et seq.*

10. Jurisdiction of this Court therefore arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k, and 28 U.S.C. § 1367 for supplemental state law claims.

11. The Court has personal jurisdiction over Defendants as Defendants conduct business within the State of California and have purposefully availed

themselves of the laws and markets of the State of California and this district.

12. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 as: (i) Plaintiff resides in the County of Los Angles, State of California, which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

## PARTIES

13. Plaintiff, JODY WANG-HOM, ("Plaintiff") is a natural person who resides in the City of Redondo Beach, County of Los Angeles, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Cal. Civ. Code § 1785.3(b).

14. Defendant, COMMONWEALTH FINANCIAL SYSTEMS, INC., ("COMMONWEALTH" or collectively as "Defendants") is a Pennsylvania corporation with a principal place of business in Dickson City, Pennsylvania.

15. Defendant, ENHANCED RECOVERY COMPANY, LLC., ("ENHANCED RECOVERY" or collectively as "Defendants") is a Florida limited liability company with a principal place of business in Jacksonville, Florida.

16. Defendants, in the ordinary course of business, regularly, on behalf of themselves and others, engage in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6). Such debt collection is conducted upon debts or alleged debts that are in default at the time they were acquired and/or assigned to Defendants.

17. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and

"consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as the term is defined by 15 U.S.C. § 1692a(5).

18. The causes of action stated herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(c), in that inaccurate credit information was furnished by Defendants to a "consumer credit reporting agency," as that term is defined by Cal. Civ. Code § 1785.3(d), regarding specific transactions and/or experiences pertaining to Plaintiff and Plaintiff's credit worthiness, credit standing, and credit capacity. Such credit information was used or was expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

19. Defendants are a partnership, corporation, association, or other entity, and are therefore "persons" as that term is defined by Cal. Civ. Code § 1785.3(j).

## FACTUAL ALLEGATIONS

20. At all times relevant, Plaintiff was an individual residing within the State of California.

21. Plaintiff is a commissioned officer in the United States Navy and as part of her employment Plaintiff must maintain security clearances.

22. Though maintaining those clearances, Plaintiff learned that two debt collectors were reporting debts on her credit which do not belong to her. Instead, the debts belong to a man by the name of "Jody Whittington" who lives lives in a different state has a completely different name and social security number.

23. On or about December of 2015, COMMONWEALTH began reporting an individual "collection account" for medical services with a past due balance of $1,689.00 (the "First Debt"). COMMONWEALTH has reported the First Debt to one or more "consumer credit reporting agnec[ies]" as that term is defined by Cal. Civ. Code § 1785.3(d) beginning in December of 2015 and

containing through the date of this action being filed.

24. Plaintiff did not incur, and is in no way responsible for, the debt being reported by COMMONWEATH. Moreover, Plaintiff has never gone by the name "Jody Whittington" and has no connection to Mr. Whittington or his debts.

25. Furthermore, Plaintiff called COMMONWEALTH to dispute the debt on or about February of 2016, and COMMONWEALTH admitted that the First Debt belongs to Jody Whittington and not Plaintiff.

26. Plaintiff has never provided her social security number ("SSN") to COMMONWEALTH. Plaintiff alleges on information and belief that COMMONWEALTH intentionally searched for and obtained Plaintiff's SSN through the practice of "skip tracing." COMMONWEALTH then proceeded to intentionally and erroneously report the Debt on Plaintiffs credit with the knowledge that they were reporting the Debt under the wrong name.

27. COMMONWEALTH knew or should have known the information they were reporting on Plaintiff's credit was false, incomplete, and/or inaccurate as: (i) COMMONWEALTH has admitted that the First Debt belongs to "Jody Whittington" and not Plaintiff; (ii) COMMONWEALTH reported a debt belonging to "Jody Whittington" which is a completely different name from Plaintiff's which is "Jody Wang-Hom;" (iii) Plaintiff and Mr. Whittington have different social security numbers; (iv) Plaintiff and Mr. Whittington live in different states; (v) Mr. Whittington is male whereas Plaintiff is a female; (vi) Plaintiff never incurred the First Debt; (vii) Plaintiff never incurred any debt with the alleged creditor for the debt, "Oakfield Drive Emergency Physi[sic]."

28. Through this conduct, COMMONWEALTH violated: (i) 15 U.S.C. § 1692e by making false, deceptive, and/or misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false

representations regarding the character, amount or legal status of a debt; (iii) 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken; (iv) 15 U.S.C. § 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false; (v) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; (vi) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt; and (vii) 15 U.S.C. § 1692f(1) by attempting to collect an amount not expressly authorized by the agreement creating the debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, COMMONWEALTH also violated Cal. Civ. Code § 1788.17.

29. Through this conduct, COMMONWEALTH has also violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer credit reporting agencies that COMMONWEALTH knew or should have known was false, inaccurate, and/or incomplete.

30. On or about November of 2015, ENHANCED RECOVERY began reporting an individual "collection account" for phone services with a past due balance of $1,395.00 (the "Second Debt"). ENHANCED RECOVERY has reported the Second Debt to one or more "consumer credit reporting agnec[ies]" as that term is defined by Cal. Civ. Code § 1785.3(d) beginning in November of 2015 and containing through the date of this action being filed.

31. Plaintiff did not incur, and is in no way responsible for, the debt being reported by ENHANCED RECOVERY. Moreover, Plaintiff has never gone by the name "Jody Whittington" and has no connection to Mr. Whittington or his debts.

32. Furthermore, Plaintiff called ENHANCED RECOVERY to dispute the debt on or about February of 2016, and ENHANCED RECOVERY admitted that

the Second Debt belongs to Jody Whittington and not Plaintiff.

33. Plaintiff has never provided her social security number ("SSN") to ENHANCED RECOVERY. Plaintiff alleges on information and belief that ENHANCED RECOVERY intentionally searched for and obtained Plaintiff's SSN through the practice of "skip tracing." ENHANCED RECOVERY then proceeded to intentionally and erroneously report the Debt on Plaintiffs credit with the knowledge that they were reporting the Debt under the wrong name.

34. ENHANCED RECOVERY knew or should have known the information they were reporting on Plaintiff's credit was false, incomplete, and/or inaccurate as: (i) ENHANCED RECOVERY has admitted that the Second Debt belongs to "Jody Whittington" and not Plaintiff; (ii) ENHANCED RECOVERY reported a debt belonging to "Jody Whittington" which is a completely different name from Plaintiff's which is "Jody Wang-Hom;" (iii) Plaintiff and Mr. Whittington have different social security numbers; (iv) Plaintiff and Mr. Whittington live in different states; (v) Mr. Whittington is male whereas Plaintiff is a female; (vi) Plaintiff never incurred the Second Debt.

35. Through this conduct, ENHANCED RECOVERY violated: (i) 15 U.S.C. § 1692e by making false, deceptive, and/or misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt; (iii) 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken; (iv) 15 U.S.C. § 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false; (v) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; (vi) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt; and (vii) 15 U.S.C. § 1692f(1) by attempting to collect an amount not expressly authorized

by the agreement creating the debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, ENHANCED RECOVERY also violated Cal. Civ. Code § 1788.17.

36. Through this conduct, ENHANCED RECOVERY has also violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer credit reporting agencies that ENHANCED RECOVERY knew or should have known was false, inaccurate, and/or incomplete.

37. The instances of Defendants furnishing false, inaccurate, and/or incomplete credit information described herein has caused damage to Plaintiff's credit score, credit worthiness, credit standing, credit capacity and has caused damaged Plaintiff's employment, including but not limited to, loss of prospective employment opportunities and emotional distress associated with the disclose of the false credit reporting to her employer, supervisors, and co-workers.

## FIRST CAUSE OF ACTION FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") 15 U.S.C. § 1692 ET SEQ.
### [AGAINST ALL DEFENDANTS]

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq*.

40. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of up to $1,000.00 from each defendant pursuant to 15 U.S.C. § 1692k(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## SECOND CAUSE OF ACTION FOR VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT ("RFDCPA") CAL. CIV. CODE § 1788, ET SEQ.

### [AGAINST ALL DEFENDANTS]

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

43. Cal. Civ. Code § 1788.17 incorporates the FDCPA (15 U.S.C. § 1692b through 1692j). Therefore, each of stated violations of the FDCPA also constitutes a violation of the RFDCPA (Cal. Civ. Code § 1788.17).

44. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for knowing or willful violations in the amount of up to $1,000.00 from each defendant pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

## THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT ("CCRAA") CAL. CIV. CODE § 1785, ET SEQ.

### [AGAINST ALL DEFENDANTS]

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions constitute numerous and multiple violations of the CCRAA.

47. In the regular course of its business operations, Defendants routinely furnish information to consumer credit reporting agencies pertaining to transactions between Defendants and consumers, so as to provide information to a consumer's credit worthiness, credit standing, and credit capacity.

48. The cause of action stated herein pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(c), in that inaccurate credit information was furnished by Defendants to a "consumer credit reporting agency," as that term is defined by Cal. Civ. Code § 1785.3(d), regarding specific transactions and/or experiences pertaining to Plaintiff and Plaintiff's credit worthiness, credit standing, and credit capacity. Such credit information was used or was expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

49. Because Defendants are a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendants are and always have been obligated not to furnish information on a specific transaction or experience to any consumer credit reporting agency if Defendants know or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

50. As a result of each and every violation of the CCRAA, Plaintiff is entitled to any actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a) and 1785.31(a)(2)(A); statutory damages of $5,000.00 per violation pursuant to Cal. Civ. Code § 1785.31(a)(2)(B); and costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1785.31(a)(1) and 1785.31(a)(2)(A).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants as follows:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

- An award of statutory damages of $1,000.00, from each Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3),
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a) and 1785.31(a)(2)(A);
- An award of statutory damages of $5,000.00 per violation, pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1785.31(a)(1) and 1785.31(a)(2)(A);
- That the Court preliminarily and permanently enjoin Defendants from engaging in the unlawful debt collection and credit reporting practices stated herein;
- Any and all other relief that this Court deems just and proper.

Dated: June 9, 2016

Respectfully submitted,

**SINNETT LAW, APC.**

BY: /S/ WAYNE A. SINNETT
WAYNE A. SINNETT, ESQ.
ATTORNEY FOR PLAINTIFF

## TRIAL BY JURY

51. Pursuant to the Seventh Amendment in the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 9, 2016

Respectfully submitted,

**SINNETT LAW, APC.**

BY: /s/ WAYNE A. SINNETT
WAYNE A. SINNETT, ESQ.
ATTORNEY FOR PLAINTIFF